

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# Finch v. Buechel

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5034

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Finch v. Buechel" (2006). *2006 Decisions*. Paper 684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5034
_____

DOROTHY I. FINCH,

Appellant

v.

CHARLES A. BUECHEL, JR., Esquire;
RICK SAMUEL FERRIS; JUDGE MAX BAER

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01856)
District Judge:  Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 26, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed July 27, 2006)
_____

OPINION
_____

PER CURIAM

        This appeal arises from the orders of the United States District Court for the

Western District of Pennsylvania dismissing Appellant Dorothy Finch's complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to defendants Baer and Buechel and granting summary judgment in defendant Ferris's favor.

In December 2004, Finch filed a civil rights Complaint seeking damages against defendants Ferris, Buechel, and Baer, for actions taken in a medical malpractice action brought by Finch against Ferris in the Allegheny County Court of Common Pleas. Finch claimed that the defendants conducted a sham non-jury trial during which they discriminated against her as a pro se plaintiff, and that they also conspired to violate her civil rights and negligently failed to prevent the violation of her civil rights, all in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. She also raised a state law claim of intentional infliction of emotional distress.

The District Court dismissed Finch's civil rights claims against Buechel and Baer for failure to state a claim pursuant to Rule 12(b)(6). The District Court held that Finch failed to allege that Buechel, Ferris's private attorney in the medical malpractice action, acted under color of state law and thus failed to state a claim pursuant to § 1983. The District Court also held that Finch failed to state a claim upon which relief could be granted as to the §§ 1981, 1985, and 1986 claims because Finch failed to allege that Buechel discriminated against her on account of her race. The District Court determined that defendant Baer was immune from suit under the doctrine of absolute judicial immunity because all of actions Finch alleged that he took were performed within the scope of his jurisdiction as the trial judge presiding over the medical malpractice action.

2

The District Court also concluded that Finch's claims against Baer were barred by the Rooker-Feldman Doctrine.[1]  Finch filed a reconsideration motion which the District Court denied.

Ferris filed a motion for summary judgment claiming that Finch failed to allege state action under § 1983, and failed to state a claim under §§ 1981 and 1985 that Ferris discriminated against her, or conspired to discriminate against her, on account of her race. The District Court agreed, ruling that Finch failed to establish any nexus between Dr. Ferris's conduct and any deprivation of her constitutional rights "under color of state law."  The District Court also determined that Finch's status as a pro se plaintiff did not make her a member of a class protected under § 1985.  And the District Court held that Finch failed  failed state a claim under § 1981 because the record was devoid of any indication that she belonged to a racial minority and that Dr. Ferris intentionally discriminated against on account of her race.  The District Court declined to exercise jurisdiction over Finch's state law claim.  Finch filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the order granting summary judgment.  GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 198-99 (3d Cir. 2001).  Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Id. at

---

[1]  We need not address the District Court's ruling pursuant to the Rooker-Feldman Doctrine because we are affirming on other grounds.

3

199. We view the evidence in the light most favorable to the nonmovant. Id. When a movant shows the absence of a genuine issue, however, the burden shifts to the nonmovant to present evidence sufficient to permit a jury to find in her favor. Id. Our review of the District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is likewise plenary. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3rd Cir. 1998). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999). We will affirm.

First, we agree with the District Court's conclusion and reasoning that Judge Baer is immune from suit. Turning to the § 1983 claims against the remaining defendants, Finch must allege a deprivation of a constitutionally protected right and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). Assuming all of Finch's allegations against Buechel to be true, as we must, and viewing the facts with respect to defendant Ferris in the light most favorable to Finch, we conclude that there is no set of facts from which we can infer state action on the part of defendants Buechel and Ferris. Ferris, through his private attorney, defended himself at trial in Finch's medical malpractice action. We find no nexus between Judge Baer and

4

the private defendants Buechel and Ferris such that these private defendants may be fairly treated as "state actors."

Likewise, with respect to the § 1985 conspiracy claim, we find nothing in the Complaint or in the record from which we can draw an inference of a racial or otherwise class-based motive for the defendants' alleged actions that would support a claim under § 1985(2) or (3).  See Davis v. Township of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) (§ 1985(2));  Griffin v. Breckenridge, 403 U.S. 88 (1971) (§ 1985(3)).  Nor can we find anything in the record or the Complaint from which we can infer an understanding among defendants Baer, Buechel, and Ferris to deprive Finch of her constitutional rights on account of her race.  In the absence of a § 1985 conspiracy, Finch cannot state a claim pursuant to § 1986.  See Clark v. Clabaugh, 20 F.3d 1290, 1295 n. 5 (3d Cir. 1994).

We have thoroughly reviewed the remaining arguments Finch makes on appeal and find them meritless.  Accordingly, we will affirm the judgment of the District Court.